UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
GREGORY JOHN FISCHER,

                          Plaintiff,            <u>MEMORANDUM AND ORDER</u>
                                                07-CV-4564 (JS)(ARL)

        - against -

TALCO TRUCKING, INC.,
PAUL THOMAS GLAUSE, TROY A. CLARK,
LYNN CLARK,

                          Defendants.
---------------------------------------X
APPEARANCES:
For Plaintiff:        Gregory John Fischer, <u>pro</u> <u>se</u>
                      P.O. Box 285
                      Calverton, NY 11933-0285

For Defendants:       Clark D. Stith, Esq.
                      505 Broadway
                      Rock Springs, WY 82901

SEYBERT, District Judge,

<u>INTRODUCTION</u>

        On October 31, 2007, <u>pro</u> <u>se</u> Plaintiff Gregory John

Fischer commenced this action against Talco Trucking, Inc. ("Talco

Trucking"), Paul Thomas Glause ("Glause"), Troy A. Clark, and Lynn

Clark (collectively, the "Defendants").  Pending before the Court

is (1) Plaintiff's motion for a default judgment against Talco

Trucking, (2) Plaintiff's motion to disqualify Clark D. Stith,

Esq., as Defendants' counsel, (3) Plaintiff's motion for leave to

file an amended complaint, (4) Defendants' motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6),

12(b)(7), and a motion for summary judgment pursuant to Rule 56.[1]

For the reasons set herein, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is GRANTED, Plaintiff's motion to amend is Granted in part and DENIED in part, Plaintiff's motion for a default judgment and Plaintiff's motion to disqualify is DENIED.

<u>BACKGROUND</u>

The facts of this case are taken from the Amended Complaint. The Court presumes these facts to be true for the purpose of the motion to dismiss.

From the best that the Court can glean from Plaintiff's Complaint, Plaintiff is the owner of a copyright to certain software. Each time the software is turned on, a "pop-up" notice appears on the user's screen displaying the copyright notice. Plaintiff alleges that Defendants have been using Plaintiff's software without obtaining a license for its use.

According to Plaintiff, any business relationship between Plaintiff and Defendants ended no later than August 2007. Plaintiff claims that he informed each of the Defendants of the copyright, yet Defendants continued to use Plaintiff's software without Plaintiff's permission. On September 28, 2007, Plaintiff requested that Defendants erase and return the software, but

---

[1] Although Defendants state that they bring their motion to dismiss pursuant to Rule 12(b)(1), 12(b)(6), and 12(b)(7), Defendants have not expounded on their 12(b)(1) motion, and to the extent that such a motion exists, the Court will not address it.

Defendants refused to do so. Defendants have also refused to return electronic media on which the software and technology is encoded and copied. Plaintiff provided Defendants with prepaid labels, boxes, and packing tape to return Plaintiff's property, but Defendants still failed to do so.

Plaintiff also alleges that Defendants somehow caused Plaintiff to unwittingly participate in a "spectrum of illegal activities," and that Defendants utilized the software to further their fraudulent enterprises. (Pl.'s Am. Comp. ¶¶ 46, 47.) Plaintiff has disclosed Defendants' alleged illegal activities to the proper authorities. (Id. ¶ 53.)

Plaintiff alleges that Defendants "demonized and slandered" Plaintiff as "incompetent in an industry where reputation and goodwill is critical to securing future work." (Id. ¶ 63.) The Complaint further alleges that Plaintiff has been denied equal protection in Sweetwater County, Wyoming because of Defendant Guase's position as a court magistrate and local attorney. (Id. ¶ 67.).

Plaintiff seeks to enjoin Defendants from further illegal activity and from copying or republishing any of Plaintiff's software, and seeks damages against Defendants for their allegedly improper use of Plaintiff's software.

I.   Standard Of Review

        In Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct.
1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the
half-century old standard set forth in Conley v. Gibson that "a
complaint should not be dismissed for failure to state a claim
unless it appears beyond doubt that the plaintiff can prove no set
of facts in support of his claim which would entitle him to
relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.
Ed. 2d 80 (1957), (overruled by Bell Atl. Corp., 127 S. Ct. 1955
(2007). Holding that "Conley's 'no set of facts' language has been
questioned, criticized, and explained away long enough," the
Supreme Court expressly rejected the standard in favor of a
requirement that the plaintiff plead enough facts "to state a claim
for relief that is plausible on its face." Bell Atl. Corp., 127 S.
Ct. at 1969, 1974.  The Court explained that the complaint "must be
enough to raise a right to relief above the speculative level."
Id. at 1965.   To be clear, Bell Atlantic does not require
"heightened fact pleading of specifics, but only enough facts to
state a claim for relief that is plausible on its face." Id. at
1974.

        Notably, only weeks after deciding Bell Atlantic, the
Supreme Court issued a decision discussing pleading standards
involving a pro se plaintiff. Erickson v. Pardus, -- U.S. --, 127

S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).  <u>Erickson</u> cited <u>Bell</u> <u>Atlantic</u> for the proposition that, under general pleading rules, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson</u>, 127 S. Ct. at 2200 (quoting <u>Bell Atlantic</u>, 127 S. Ct. at 1964 (in turn quoting <u>Conley</u>, 355 U.S. at 47)).

The Second Circuit has interpreted <u>Bell Atlantic</u> and <u>Erickson</u> to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007).  In applying this standard, the district court must still accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff.  <u>See</u> <u>Cleveland v. Caplaw Enter.</u>, 448 F.3d 518, 521 (2d Cir. 2006); <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2d Cir. 2005).  Moreover, where a plaintiff is proceeding <u>pro</u> <u>se</u>, the Court is required to read the complaint liberally.  <u>See</u> <u>Erikson</u>, 127 S. Ct. at 2200 ("a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) Additionally, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matter of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991). Consideration of materials beyond those just enumerated requires conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. See id.

Although Defendants urge this Court to convert its motions to dismiss to a motion for summary judgment, the Court declines to do so. "In order for this court to convert Defendants' motion into one for summary judgment, Rule 12(b) requires that the Plaintiff be given sufficient notice of the court's intention to do so." Walker v. Youman, No. 02-CV-5957, 2006 U.S. Dist. LEXIS 11472, at *8 (E.D.N.Y. Mar. 3, 2006). The Court is aware the Defendants sent Plaintiff a Notice to Pro Se Litigant Who Opposes A Rule 12 Motion Supported By Matter Outside The Pleadings, as required by the Local Rules of the Eastern District of New York. Nonetheless, the Court is mindful that Plaintiff is proceeding pro

se, and may not have understood that Defendants sought to convert their motion to dismiss to a motion for summary judgment. This is particularly true in light of the fact that Plaintiff submitted a motion for leave to amend his Complaint, wherein Plaintiff states that he responded to the Notice to Pro Se Litigant by providing a sworn affidavit attesting to the contents of Plaintiff's Complaint. See Pl.'s Mot. to Amend ¶ 4. It appears from this statement that Plaintiff erroneously believes that filing a verification of his Complaint is sufficient to prevent converting Defendants' motion to dismiss to one for summary judgment.

Moreover, Defendants refer to "dismissal" and the standard on a motion to dismiss throughout their papers, and rarely refer to the standard on a motion for summary judgment. Finally, Plaintiff has not responded to Defendants' motion to dismiss, and the Court finds that it would be inequitable in such a situation to convert the motion to dismiss to one for summary judgment.

II.  <u>Plaintiff's Copyright Infringement Claim</u>

To state a claim for copyright infringement, a plaintiff must show "(i) ownership of a valid copyright and (ii) copying of constituent elements of the work that are original." <u>Adams v. Warner Bros. Pictures Network</u>, No. 05-CV-5211, 2007 U.S. Dist. LEXIS 47448, at *7 (E.D.N.Y. June 29, 2007)

It appears from Plaintiff's Complaint that Plaintiff and Defendants had a business relationship at some point in the past,

and that Plaintiff gave Defendants a license to utilize Plaintiff's software. Plaintiff's Complaint states that the parties' business relationship ended in or about August of 2007, but the Complaint does not specify whether the license agreement expired or if Defendants breached the terms of the agreement. Defendants maintain that the license is still in effect, and that Defendants are owners of the copyright.[2] Plaintiff has not responded to Defendants' arguments.

If the license is still in effect, Plaintiff will be unable to set forth a valid copyright infringement claim. <u>See Atlantis Info. Tech. v. CA, Inc.</u>, 485 F. Supp. 2d 224, 233 (E.D.N.Y. 2007) (holding that Plaintiff could not maintain a copy right infringement case because the plaintiff had granted the defendant a license to utilize its copyright, which had not yet expired); <u>see also</u> <u>Broadcast Music, Inc. v. CBS, Inc.</u>, No. 83-CV-5004, 1983 U.S. Dist. LEXIS 15262, at *21 (S.D.N.Y. July 20, 1983) ("If [the licenses] have not [expired], obviously no one would be in a position to claim copyright infringement.").

Based on Plaintiff's Complaint and the exhibits attached thereto, the Court finds that Plaintiff gave Defendants a license to utilize his software, and Plaintiff has not alleged that such

---

[2] Because the Court declines to rely on documents outside of the pleadings and convert Defendants' motion into a motion for summary judgment, the Court declines to address Defendants' argument regarding ownership of the copyright.

license expired or is otherwise no longer in effect. As such, Plaintiff's copyright infringement claim must be DISMISSED. However, because Plaintiff is proceeding <u>pro se</u>, the Court will grant Plaintiff an opportunity to amend his Complaint to state a claim for copyright infringement.

## III. <u>Plaintiff's Failure To Join Indispensable Parties</u>

Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff has failed to join Micro Perfect Corporation, who Defendants allege owns the copyright with Plaintiff, and Sweetmountain, Inc., a corporation through which Plaintiff invoiced Defendants. Although Plaintiff has not responded to Defendants' motion to dismiss, Plaintiff does state in his motion for leave to amend the Complaint that Sweetmountain, Inc., no longer exists and has been dissolved.

Under Federal Rule of Civil Procedure 19,

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject
> to a substantial risk of incurring
> double, multiple, or otherwise
> inconsistent obligations because of
> the interest.

Defendants argue that Micro Perfect Corporation must be joined because it is a co-owner of the copyrights Plaintiff allegedly owns. It is true that Plaintiff's own copyright notice, attached as an exhibit to Plaintiff's Complaint, states that Micro Perfect is a co-owner of the copyright. However, the Court nonetheless DENIES Defendants' motion to dismiss for failure to add Micro Perfect. At the outset, the Court notes that it can order joinder of a necessary party. "If a court finds that a party is necessary but joinder is not feasible, only then would it consider whether dismissal is warranted." <u>Joseph S. v. Hogan</u>, No. 06-CV-1042, 2008 U.S. Dist. LEXIS 41526, at *81 (E.D.N.Y. Apr. 21, 2008).

Here, Defendants have not made any argument whatsoever regarding whether joinder of Micro Perfect and Sweetmountain is feasible. In fact, Defendants do not address the issue of feasibility whatsoever. Moreover, Defendants' argument regarding the necessity of the non-joined parties states little more than Micro Perfect is indispensable because it is a co-owner of the copyright, and Sweetmountain, Inc., is an "indispensible party because it received the lion's share of the payments by Talco Trucking." Plaintiff's status as a <u>pro</u> <u>se</u> Plaintiff does not give Defendants license to submit incomplete arguments. Defendants are

10

reminded that "as the moving party, [Defendants] bear the burden of establishing that joinder of necessary parties is required." Joseph S., 2008 U.S. Dist. LEXIS 41526 at *81.

Defendants have not met the burden of showing that Micro Perfect and Sweetmountain are required, nor have they shown that they are entitled to dismissal on the ground that joinder of these allegedly indispensable parties is not feasible. Moreover, Plaintiff indicates in his motion for leave to amend that he wishes to join Sweetmountain as an additional Defendant. Although Plaintiff simultaneously states that Sweetmountain no longer exists, the Court grants Plaintiff the opportunity to join this entity, to the extent that it exists.

Accordingly, the Court DENIES Defendants' motion to dismiss for failure to join an indispensable party without prejudice. Defendants may renew their arguments if they can show that Micro Perfect is an indispensable party and joinder of this party would not be feasible.

III. Plaintiff's Remaining Claims

Defendants request that the Court dismiss Plaintiff's remaining claims for failure to state a cognizable claim. Defendants fail to delve into an analysis of Plaintiff's remaining claims and do not cite to any case law to support their arguments. Nonetheless, the Court dismisses Plaintiff's remaining claims sua sponte because the Court cannot discern from the face of the

Complaint whether Plaintiff is asserting anything other than a copyright infringement. Plaintiff requests only that the Court enjoin Defendants from further infringement of Plaintiff's copyright. Although the body of Plaintiff's Complaint vaguely mentions other wrongs allegedly committed by Defendants, such ambiguous claims do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

Notwithstanding the liberal pleading standards granted to a <u>pro se</u> Plaintiff, all complaints must contain at least "some minimum level of factual support for their claims," <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. <u>See</u> Fed. R. Civ. P. 8; <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. <u>See</u> <u>Alfaro Motors</u>, 814 F.2d at 887.

Here, the Court cannot discern if Plaintiff's Complaint

alleges anything other than a copyright infringement.  If there are
other claims within the Complaint, it is entirely unclear exactly
what the claims are and what Defendants involvement was in these
claims.   Accordingly,  the  Court  DISMISSES  the  remainder  of
Plaintiff's Complaint for failure to comply with Federal Rule of
Civil Procedure 8.

IV.   Plaintiff's Motion To Disqualify Clark D. Stith

Plaintiff moves to disqualify Defendants' counsel, Clark
D. Stith ("Stith), on the grounds that Stith: (1) is not admitted
to practice in New York, (2) may have a conflict of interest in
this case, (3) may have to serve as a witness, and (4) Stith is
presently Plaintiff's attorney, or was his attorney at some point
in the past.  The Court rejects each of these arguments and denies
Plaintiff's motion to disqualify.

Rule  5-102  (c)  of  the  New  York  Code  of  Professional
Responsibility prohibits an attorney from acting as counsel on a
case in which he may have to serve as a witness.  Rule 5-102(c)
states,

> "A lawyer shall not act, or accept employment
> that contemplates the lawyer's acting, as an
> advocate on issues of fact before any tribunal
> if the lawyer knows or it is obvious that the
> lawyer ought to be called as a witness on a
> significant issue on behalf of the client . .
> . .

The rule provides for certain exceptions under which a
lawyer may act as an advocate and also testify, which include

13

situations where the "testimony will relate solely to an uncontested issue" and where "disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as a counsel in the particular case." Rule 5-102(c) of the New York Code of Professional Responsibility.

Here, Plaintiff has not shown that Stith would be a witness in this matter. Plaintiff's motion in support of disqualification states that Stith is a witness in a property case in Wyoming. However, there are no allegations in reference to this case, and Plaintiff has not explained the correlation between the property dispute in Wyoming and this case.

A. <u>Conflict Of Interest</u>

Plaintiff alleges that Stith has a conflict of interest because Stith attempted to buy property co-owned by Plaintiff and Ashley Clark, the daughter of Defendants Troy A. Clark and Lynn Clarke. Stith admits that in the Fall of 2007, Stith and his wife, Linda Stith, negotiated with Fischer and Ashley Clark for the sale of a building located in Wyoming. The negotiations were made on behalf of a Wyoming Limited Liability Company, Douglas Enterprises II, of which Clark and Linda Stith are the only two members. Stith maintains that Plaintiff did not except the offer, and it expired by its terms on October 26, 2007.

"Unless there is a risk of taint to a court proceeding,

courts are quite hesitant to disqualify an attorney from representing his client in litigation." <u>Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC</u>, 542 F. Supp. 2d 296, 306 (S.D.N.Y. 2008). "Courts are reluctant to grant such motions because they are often tactically motivated, cause undue delay, add expense, and have 'an immediate adverse effect on the client by separating him from counsel of his choice . . . .'" <u>Drag Racing Technologies, Inc. as D.R.T., Inc. v. Universal City Studios, Inc.</u>, 2003 WL 1948798, at * 2 (S.D.N.Y. 2003) (<u>quoting</u> <u>Board of Education v. Nyquist</u>, 590 F.2d 1241, 1246 (2d Cir. 1979)). However, "[w]here an actual or severe conflict is so strong that 'no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation,' the court is obligated to disqualify the attorney." <u>United States v. Schlesinger</u>, 335 F. Supp. 2d 379, 382 (E.D.N.Y. 2004) (quoting <u>United States v. Levy</u>, 25 F.3d 146, 153 (2d Cir. 1994)).

Here, the business relation between Plaintiff and Fischer ended in about October of 2007, and it appears that the parties ceased negotiations at that time. Under the circumstances, it cannot be said that Stith has a conflict so severe that no rational defendant would knowingly desire his representation. Rather, it appears that there is no current conflict of interest because Stith is no longer in negotiations with Plaintiff for the sale of Plaintiff's property. However, the Court is somewhat disturbed by

the interaction between Plaintiff and Stith, and the overlap of the
parties and claims in this case. To the extent that there may be
a minor conflict, the Court finds that it can be cured by a waiver
from Defendants. In the interest of avoiding any ethical issues,
the Court orders that Stith obtain an Affidavit from each of the
Defendants stating that the Defendants are aware of Stith's former
contacts with Plaintiff, and nonetheless wish to retain Stith as
their attorney in this matter.

     B.   <u>Stith's Alleged Representation Of Plaintiff</u>

     The Court has reviewed the record and has not found any
evidence that Stith represented Plaintiff at any time. Although
there is no "single, well-defined test for determining whether an
attorney client relationship exists," most courts have held that
"an attorney-client relationship exists if the party divulging
confidences and secrets to an attorney believes that he is
approaching the attorney in a professional capacity with the intent
to secure legal advice." <u>Fierro v. Gallucci</u>, No. 06-CV-5189, 2007
U.S. Dist. LEXIS 89296, 18-17 (E.D.N.Y. Dec. 4, 2007). Here, it
appears that Plaintiff's contact with Stith was limited to their
negotiations with regard to the sale of the aforementioned
property. In that situation, Plaintiff and Stith were on opposite
sides of the negotiations. Plaintiff has not provided the Court
with any indication that Stith represented Plaintiff in that
dealing, or in any other dealings in the past, and has not provided

any facts which would cause the Court to believe that Plaintiff divulged confidential information to Stith with the belief that Stith was or would be his attorney.

     C.   <u>Stith's Admission To This Court</u>

     Finally, the Court rejects Plaintiff's argument that Stith is not admitted to practice in this Court. Stith was admitted <u>pro</u> <u>hac</u> <u>vice</u> on January 11, 2008.

V.   <u>Plaintiff's Motion For A Default</u>

     Plaintiff moves for a default judgment against Defendants on the grounds that Defendants did not timely file an answer to the Complaint. Plaintiff states that he received an answer via mail on December 22, 2007, but takes issue with the answer because it was not filed on the Court's Electronic Case Filing system, and it was sent by an attorney not admitted to practice in this Court.

     Federal Rule of Civil Procedure 55 provides, [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." "Following entry of default upon the plaintiff's request, a defendant may seek to set aside the entry of default pursuant to Rule 55(c)." <u>N.Y. Islanders Hockey Club, L.P. v. Havoc Distrib.</u>, No. 07-CV-2720, 2008 U.S. Dist. LEXIS 47970, at *3 (E.D.N.Y. June 16, 2008). "[D]efaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated,

the doubt should be resolved in favor of the defaulting party."
Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. N.Y. 1993).

On December 18, 2007, the Court received Defendants'
motion to dismiss in lieu of an Answer. However, at the time that
the Court received Defendants' filing, Stith was not yet admitted
to this Court. Plaintiff moved for a default on December 26, 2007,
and the Clerk of the Court noted Defendants' default on December
26, 2007.

Stith has submitted an Affidavit in opposition to
Plaintiff's request for a default, wherein Stith erroneously states
that the papers were properly filed via Stith's December mailing to
the Court because Stith was admitted to practice in the State of
New York at that time. Stith should be aware that an answer cannot
be accepted in this Court by an attorney not admitted to practice
in the United States District Court for the Eastern District of New
York, regardless of whether that attorney is admitted to the New
York State Bar. See Local Rules for the Eastern and Southern
Districts of New York; see also Schottenstein v. Schottenstein, 230
F.R.D. 355, 362 (S.D.N.Y. 2005) ("Moreover, because [counsel] is
not admitted to practice in the Southern District of New York, the
complaint could not have been filed without [the] signature" of an
attorney admitted in the Southern District."); Erbacci, Cerone, &
Moriarty v. United States, 939 F. Supp. 1045, 1052 (S.D.N.Y. 1996)
(denying motion to dismiss because it was brought by an attorney

18

not admitted to practice in the Southern District of New York).

Stith's application to proceed pro hac vice in this Court was not granted until January 11, 2008, and as such, his motion papers could not have been accepted until that date. Stith should have retained local counsel to assist with his filings rather than waiting for his late admission. Nonetheless, the Court finds that Plaintiff has not been prejudiced by Defendants' actions, as Plaintiff timely received the papers via mail. Defendants actions, while confused, do not warrant a default, given the preference for deciding cases on their merits.

VI. Motion To Amend

Federal Rule Civil Procedure 15(a) generally governs the amendment of pleadings. Rule 15(a) provides that

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

Fed. R. Civ. P. 15(a); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 259 (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d

Cir. 2005); <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995).

Plaintiff seeks to amend his Complaint on the grounds that Defendants have made statements in their moving papers that give rise to new claims and additional defendants. Plaintiff's motion to amend is largely incomprehensible. The named parties Plaintiff specifically lists as additional defendants are Talco Crane & Rigging, Inc., Talco Hot Oilers, Inc., TLC Investments, LLC, TLC Transport, Inc., TLC Leasing, and Fischer Crane, Inc. Plaintiff asserts that these entities are associated with Defendants Troy A. Clark and Lynn L. Clark and have also infringed on Plaintiff's copyright. The Court has already granted Plaintiff an opportunity to amend his copyright claim. Plaintiff may add these parties as additional defendants if he has any facts to indicate that they contributed to the alleged copyright infringement. Additionally, Plaintiff may add Sweetmountain, Inc., who both parties allege is a necessary party. To the extent that Plaintiff wishes to assert additional causes of action related to his copyright infringement claim, Plaintiff may do so. However, the Court notes that Plaintiff discusses in great detail certain irrelevant matters related to the custody of his children. To the extent that Plaintiff wishes to add claims related to child custody, the Court denies leave to amend to add these additional claims.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion to disqualify Clark D. Stith is DENIED, Plaintiff's Motion for a default judgment is DENIED, Defendants' motion to dismiss is GRANTED, but only on the grounds stated herein, and Plaintiff's motion for leave to amend the Complaint is Granted in part and Denied in part. Plaintiff's Complaint is dismissed for failure to state a cognizable claim of copyright infringement. Plaintiff may file an Amended Complaint stating a claim for copyright infringement no later than November 4, 2008. Plaintiff may add claims and parties related to this copyright infringement claim, but may not add unrelated claims with regard to his marital and child custody issues. Finally, Stith is ordered to obtain an Affidavit from each of the Defendants in this case stating that the Defendants are aware of Plaintiff's former dealings with Stith, and nonetheless wish to retain Stith as their counsel.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          September  24 , 2008