UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GREGORY JOHN FISCHER,

              Plaintiff,

    - against -

TALCO TRUCKING, INC.,
PAUL THOMAS GLAUSE, TROY A. CLARK,
LYNN CLARK,

             Defendants.
----------------------------------------X

MEMORANDUM AND ORDER
07-CV-4564 (JS)(ARL)

FILED
U.S. DISTRICT COURT E.D.N.Y
★   2009 ★
12-22-09
LONG ISLAND OFFICE

APPEARANCES:
For Plaintiff:    Gregory John Fischer, pro se
                 P.O. Box 285
                 Calverton, NY 11933-0285

For Defendants:   Clark D. Stith, Esq.
                 505 Broadway
                 Rock Springs, WY 82901

SEYBERT, District Judge,

       On October 31, 2007, pro se Plaintiff Gregory John Fischer commenced this action against Talco Trucking, Inc. ("Talco Trucking"), Paul Thomas Glause ("Glause"), Troy A. Clark, and Lynn Clark (collectively, the "Defendants"). On September 24, 2008 ("September 2008 Order"), this Court granted Defendants' motion to dismiss but permitted Plaintiff leave to file an Amended Complaint. Pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim and for lack of personal jurisdiction.

## BACKGROUND

       The facts of this case are taken from the Second Amended Complaint. The Court presumes these facts to be true for the

purpose of the motion to dismiss.

Plaintiff maintains that he is the owner of a copyright to certain software utilized by Defendant Talco Trucking. Plaintiff alleges that Defendants have been using Plaintiff's software without obtaining a license for its use.

According to Plaintiff, any business relationship between Plaintiff and Defendants ended no later than August 2007. Plaintiff claims that he informed each of the Defendants of the copyright, yet Defendants continued to use Plaintiff's software without Plaintiff's permission. On September 28, 2007, Plaintiff requested that Defendants erase the software, but Defendants refused to do so. Defendants have also refused to return copies of the software and certain electronic media on which the software and technology is encoded and copied. Plaintiff provided Defendants with prepaid labels, boxes, and packing tape to return Plaintiff's property, but Defendants still failed to do so.

Plaintiff also alleges that numerous individuals are aware of Defendants' illegal activities, and have participated in the illegal activity. According to Plaintiff, some of these individuals "have participated in broader plots" which include "frauds upon banking providers, and securing loans for the defendant based on fraudulent details, reports, filings, etc." (Sec. Amend. Comp. ¶ 65.) Plaintiff has disclosed Defendants' alleged illegal activities to the proper authorities.

2

Plaintiff alleges that Defendants "demonized and slandered" Plaintiff as "incompetent in an industry where reputation and goodwill is critical to securing future work." (Id. ¶ 78.) The Complaint further alleges that Plaintiff has been denied equal protection in Sweetwater County, Wyoming because of Defendant Guase's position as a court magistrate and local attorney. (Id. ¶ 82.)

Plaintiff seeks to enjoin Defendants from further illegal activity and from copying or republishing any of Plaintiff's software, and seeks damages against Defendants for their allegedly improper use of Plaintiff's software.

## DISCUSSION

### I. Standard of Review

In deciding motions to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss, and

3

determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) Additionally, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matter of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767, 773 (2d Cir. 1991).

II. Plaintiff's Copyright Infringement Claim

To state a claim for copyright infringement, a plaintiff must show "(i) ownership of a valid copyright and (ii) copying of constituent elements of the work that are original." Adams v. Warner Bros. Pictures Network, No. 05-CV-5211, 2007 U.S. Dist. LEXIS 47448, at *7 (E.D.N.Y. June 29, 2007). It is well-settled that a district court's subject matter jurisdiction is limited "to claims arising from registered copyrights only." Muchnick v. Thomson Corp. (In re Literary Works in Elec. Databases Copyright Litig.), 509 F.3d 116, 122 (2d Cir. N.Y. 2007); see also Lewinson

4

v. Holt, No. 07-CV-10955, 2009 U.S. Dist. LEXIS 87652, at *22 (S.D.N.Y. Sept. 21, 2009) ("[R]egistration is a jurisdictional precondition for bringing an infringement action in federal court.").

Here, Plaintiff fails to plead that he registered the copyrights of the software. In fact, Plaintiff maintains in his opposition that registration is not a requirement for this action. However, although registration is not required to obtain copyright protection, see 17 U.S.C. § 408, registration is a prerequisite for bringing an infringement action in federal court. Thus, because Plaintiff has failed to plead that he registered the copyrights he seeks to enforce, Plaintiff's copyright infringement claims are dismissed for failure to state a claim. See Caldwell v. Rudnick, 2006 U.S. Dist. LEXIS 51857 (S.D.N.Y. July 26, 2006) ("[A] plaintiff's failure to register a copyright before bringing an infringement action requires dismissal on jurisdictional grounds."). Additionally, the Court finds that another opportunity to amend the copyright infringement claims would be futile because Plaintiff cannot show that he registered the copyrights. Thus, the Court dismisses Plaintiff's copyright infringement claims without prejudice.

II. Plaintiff's Remaining Claims

In its September 2008 Order, this Court dismissed Plaintiff's non-copyright infringement claims, and granted

5

Plaintiff leave to amend only his copyright infringement claims. The Court specifically stated, "Plaintiff may add claims and parties related to this copyright infringement claim, but may not add unrelated claims with regard to his marital and child custody issues." Notwithstanding this Order, Plaintiff has filed a Second Amended Complaint again alleging numerous causes of action for, inter alia, child kidnapping, custodial interference, reckless endangerment of Plaintiff's children, etc. The Court declines to address these claims. The Court dismissed these claims with prejudice and did not grant Plaintiff permission to amend these claims, nor did it grant Plaintiff permission to amend his fraud claims.

As this Court noted in Fischer v. Clark, No 08-CV-3807, Plaintiff is no stranger to the Court, and has brought several actions pertaining to his ex-wife and the custody of his children. Although it is evident that Plaintiff believes that he and his children have been wronged, the federal courts are not a forum for Plaintiff to air every wrong or grievance he feels he has encountered. Thus, Plaintiff's remaining claims are dismissed with prejudice.

Because the Court has dismissed Plaintiff's Second Amended Complaint, the Court declines to hear Defendants' remaining

grounds for dismissal.[1]

## CONCLUSION

For the reasons stated above, Plaintiff's Second Amended Complaint is DISMISSED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December  21 , 2009

---

[1] The Court does note that Defendants' lack of personal jurisdiction argument is defective because Defendants have already appeared in this action and filed an earlier motion to dismiss that did not raise lack of personal jurisdiction as a defense. "In moving to dismiss [a] complaint under Rule 12, the failure to include a lack of personal jurisdiction as one of the grounds will result in the waiver of such a defense." Sokolow v. PLO, 583 F. Supp. 2d 451, 460 (S.D.N.Y. 2008).