UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GREGORY JOHN FISCHER,

                Plaintiff,          MEMORANDUM AND ORDER
                                      07-CV-4564 (JS)(ARL)
     - against -

TALCO TRUCKING, INC.,
PAUL THOMAS GLAUSE, TROY A. CLARK,
LYNN CLARK,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Gregory John Fischer, pro se
                   P.O. Box 285
                   Calverton, NY 11933-0285

For Defendants:   Clark D. Stith, Esq.
                   505 Broadway
                   Rock Springs, WY 82901

SEYBERT, District Judge,

       Pending before the Court is pro se Plaintiff Gregory John Fischer's Motion to Restore to the Calender and Renew and Reargue, or, "alternatively, a Notice of Appeal and request for extension of time." Construing this motion liberally, the Court interprets it as a motion for reconsideration of the Court's December 21, 2009 Order dismissing his Amended Complaint, and a request for leave to file this motion despite its untimeliness. For the foregoing reasons, Plaintiff's motion is DENIED.

DISCUSSION

       E.D.N.Y. Local Rule 6.3 requires that a motion for reconsideration be filed within fourteen (14) days of the contested decision. Here, the Court dismissed Plaintiff's Amended Complaint

on December 21, 2009. But Plaintiff waited until January 22, 2010, more than a month later, before seeking reconsideration. Because Plaintiff's motion is untimely, the Court would be justified in denying it "on that ground alone." De Vos v. Lee, 07-CV-804, 2010 U.S. Dist. LEXIS 3729, *3 (E.D.N.Y. Jan. 19, 2010). And, while nothing forbids the Court from excusing this untimeliness,[1] the Court sees no reason to do so here, because Plaintiff's motion is substantively without any merit. Indeed, the Court notes that Plaintiff's motion principally appears to contest the dismissal of his child custody and child abduction claims, which the Court originally dismissed in September 2008 and never permitted Plaintiff to re-plead in the first place. And, despite seeking reconsideration, Plaintiff's 34 page brief does not discuss the Court's December 21, 2009 Order at all, much less explain why Plaintiff believes the Court erred. Thus, Plaintiff has failed to set forth any cognizable basis for why the Court should reconsider its ruling dismissing his Amended Complaint.

CONCLUSION

Plaintiff's January 22, 2010 motion for reconsideration is untimely and, in any event, without merit. It is DENIED.

---

[1] Libaire v. Kaplan, 06-CV-1500, 2010 U.S. Dist. LEXIS 4640, *13 (E.D.N.Y. Jan. 21, 2010).

SO ORDERED

                    /s/
          Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          January 27, 2009